D. R. McKINNEY ET AL *v.* CAROLINE WHEELER.

**Pendente Lite Purchasers—Judgment.**

> Purchasers of land, while suit was pending against the owners for a large amount due on notes, are held to be pendente lite purchasers, and are bound by the judgment subsequently rendered against their vendors.

**Process—Actual Service.**

> Actual service of process, on a second amended petition, at a later term of court, to enforce the second installment of purchase money, is not necessary, where on the first petition, service was had, and the defendant entered an appearance.

APPEAL FROM MADISON CIRCUIT COURT.

September 20, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Apellee holding four several obligations of Pierce, Genter & Vaughn for 100 tons pig iron each, given as part purchase price for the "Cottage, Furnace" and lands situate in Estil county, and all being past due filed her petition asking judgment and asserting a lien therefor on the lands, furnace and fixtures.

By consent the cause was removed to the Madison circuit court where a consent judgment for fourteen thousand five hundred dollars was rendered; $5000 of which was paid and two notes given for $4,700 each due respectively September 21, 1867 and 1868 with interest from date. "The court retaining the power over *the case* to enforce the payment of the deferred payments or notes by proper orders." The money was paid and these notes executed by the McKinneys and an order is appended to the judgment directing the commissioner to make them the title. Though they were not made formal parties yet being purchasers *pendente lite* they were bound by said judgment and no doubt knew all about it, for even ordinarily prudent men would scarcely pay so much money and execute notes for so large amounts in ignorance of the situation of the property; besides their written transfer shows they knew the title was to come through a commissioner of the court.

The note first due not being paid the plaintiff filed an amended petition in the Madison circuit court aleging that the McKinneys had paid $5000 and executed said notes but had not paid the one then past due, wherefore she prays judgment and asked the enforcement of her reserved lien for its amount; she had process to Estil county where it was served and took personal judgment by default which the defendants paid.

At a subsequent term of the Madison circuit court and after the second note was due she filed an amended petition asking judgment thereon and without service of process took judgment at the same term, by 'default upon it which the appellants seek to reverse.

The McKinneys were not only purchasers *pendente lite* and bound by the terms of the judgment, but they were made actual parties by the first amended petition against them upon which actual service of process was had and in which their purchase, the payment of the $5000, and the executing of the note then due and this one afterwards to become due, were set out and to which they made no response, thereby confessing the truth of said allegations.

Neither the McKinneys nor their vendors, Pierce, Gentner & Vaughn can object to the jurisdiction of the Madison circuit court after the latter's consent and the former being subsequent purchasers under its judgment, and having thus obtained jurisdiction of the original case and it being consented that it should retain such for the purpose of enforcing the deferred payments, it cannot be objected to by either. Nor was it essential to have process on the second amended petition, the cause of action being fully set out in the first amendment, and springing out of the original judgment as was decided by this court in *Gherelin vs. Stenet* noted to *section 156 Civil Code 426.* No supersedeas bond appears, wherefore the judgment is affirmed without damages.

*Buckner, for appellant.*

*Huston, Turner, Riddle & Fleely, for appellee.*